Filed 10/25/21  P. v. Thomas CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076675 |
| v. | (Super.Ct.No. FVI17002966) |
| MELINDA KAY THOMAS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Debra Harris, Judge.  Affirmed.

Melinda Kay Thomas, in pro. per.; and Kendall Dawson Wasley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

<u>INTRODUCTION</u>

A jury convicted defendant and appellant Melinda Kay Thomas of attempted criminal threats (Pen. Code,[1] §§ 644, 422, count 1) and found that she was armed with a firearm in the commission of the crime (§ 12022, subd. (a)(1)).  It also found her guilty of two counts of possession of a firearm by a felon (§ 29800, subd. (a)(1), counts 2 & 3) and one count of unlawful possession of ammunition (§ 30305, subd. (a)(1), count 4).  A trial court found that defendant had one prior strike conviction (§ 667, subds. (b)-(i)), one prior serious felony conviction (§ 667, subd. (a)), and two prison priors (§ 667.5, subd. (b)).  In October 2018, the court sentenced her to 16 years in state prison.[2]

Defendant appealed, and this court amended the sentence on the firearm enhancement attached to count 1 from one year to four months and struck the two prison priors.  We also remanded the case to the sentencing court to determine whether the five-year term on defendant's prior serious felony conviction should be stricken in the interests of justice.  (*People v. Thomas* (Mar. 26, 2020, E071359) [nonpub. opn.].)  The trial court denied defendant's request to strike the five-year enhancement but amended the sentence in accordance with our opinion.  Thus, her total sentence was 13 years four months.

---

[1]  All further statutory references will be to the Penal Code unless otherwise indicated.

[2]  The sentence was comprised of six years on count 2 (the upper term of three years, doubled based on the prior strike); eight months on count 1 (one-third the middle term, doubled) plus one year on the armed enhancement; 16 months on count 3 (one-third the middle term, doubled); plus five years for the prior serious felony conviction, and two years for the two prison priors.  The court stayed a three-year term on count 4.

Defendant filed a timely notice of appeal. We affirm.

PROCEDURAL BACKGROUND

Defendant filed a motion to strike the prior serious felony enhancement (§ 667, subd. (a)), pursuant to Senate Bill No. 1393. (Stats. 2018, ch. 1013, § 1.) She argued that the court should exercise its discretion and strike the five-year enhancement since she suffered from mental and mood-related disorders that led to her criminal conduct, as well as domestic abuse during the course of her relationship with the victim. She also asserted that the criminal threats were only made through text messages, and no one was injured. The People filed an opposition arguing that the court should not strike defendant's prior conviction enhancement since her prior offense (assault with a firearm) and her present felonies showed her propensity for violence, and she had an extensive criminal record.

The court held a hearing on March 3, 2021. It first noted that it had reviewed the papers and then heard argument from counsel. The court indicated that it had presided over the trial, and it was very concerned that this case could have resulted in death. The court also noted that the evidence at trial showed that after defendant was charged with a crime, she got the victim to sign a statement saying he was not in sustained fear. The court asserted that this conduct showed defendant understood the elements the prosecutor had to prove regarding criminal threats, and that she was not suffering from anxiety or emotional issues at that point, but rather had a desire to be free of the charges. The court denied defendant's motion.

DISCUSSION

Defendant appealed and, upon her request, this court appointed counsel to represent her. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and no potential arguable issues. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which she has done. She filed a handwritten document, which contains long, rambling claims about prosecutorial misconduct, and bias and misconduct on the part of the court. We note some of these claims appear to be the same made in a prior petition for writ of habeas corpus, which was denied. (*In re Thomas* (Mar. 24, 2020) case No. E074758.) Furthermore, while the brief contains numerous claims, none of them appear to pertain to the order from which defendant appeals, i.e., the trial court's order denying her motion to strike the prior serious felony enhancement. She does claim that due to the alleged prosecutorial misconduct and court bias, she "shall have" the prosecutor and judge "disqualified and recused" from her case, and "the remittitur be reheard by an impartial, unbiased[ed] judge and prosecutor." However, we observe that defendant has not shown, or even alleged, that the court abused its discretion in denying her motion to strike the enhancement.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

4

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
                                                                              J.

We concur:

MILLER
        Acting P. J.

SLOUGH
                J.